## Case No. 16,625.

### UNITED STATES v. The VIRGIN.

[1 Pet. C. C. 7.] [1]

Circuit Court, D. New Jersey. April Term, 1806.

CUSTOMS DUTIES—VIOLATION OF COLLECTION ACT —FORFEITURE OF VESSEL—DEFECTIVE PROCEEDINGS—AIDER BY VERDICT.

1. Construction of the 27th, 28th, and 50th sections of the law of the United States, entitled "Act to regulate the collection of duties on impost and tonnage" [1 Stat. 648, 665].

[Cited in Walsh v. U. S., Case No. 17,116; U. S. v. Twenty Cases of Matches, Id. 16,-559.]

2. The prohibitions of this law do not extend to a case, where merchandise has been taken out of a vessel, more than four leagues from the coast.

3. What defects in proceedings are cured by verdict. If a proper case is laid in the declaration or libel, but not described with precision, the court after verdict will presume that the want of precision was supplied by the evidence: aliter, if no ground at all is laid.

[Appeal from the district court of the United States for the district of New Jersey.]

A libel or information was filed against the Virgin, for receiving from the Hunter, a vessel bound from a foreign port to the United States, and before her arrival at her port of discharge, and before she was legally authorised to unlade the same, a certain quantity of rum, with intent to defraud the revenue. [See Case No. 15,428.] The owners of the Virgin put in their claim, and denied generally all the facts stated in the libel. The jury found the facts in favour of the United States, upon which, sentence of condemnation was passed by the district court. [Case unreported.]

Messrs. Williamson and Ogden made the following objections to the decree: First. That the libel stated that the seizure was made by J. Heard, now collector of the port of Perth Amboy, but it does not state that he was collector at the time of the seizure; and that the seizure could by law be made by no other person than one legally authorised to make it. 3 [Bior. & D. Laws] 136 [1 Stat. 627]. That the seizure is the whole foundation of the proceedings in error, and that if this was improperly made no condemnation should take place. Second. That the libel does not state that the Hunter was within four leagues of the coast, and no offence can be committed under the 27th and 28th sections of the act of congress, unless she was within the jurisdiction of some district of the United States, or within four leagues of the coast, and the only section which subjects the vessel to forfeiture, for receiving goods unlawfully unloaded, is the 28th section. They laid down the general principle, that in actions founded on a statute, the plaintiff must aver every thing and bring his case within the statute. 1 Com. Dig. 321; 5 Com Dig. 369. The same rule prevails in proceedings in the exchequer, which this is in the nature of (Hob. 213); so also in the admiralty (Bunb. 177, 273; Parker, 278). And the cases cited show that a verdict will not cure the defect. Third. That the libel does not negative the exception in the 27th section, "that the vessel was in distress," and the rule is that if the exception be part of the enacting clause, it is part of the description of the offence and must be negatived; but if it be a provision for the benefit of a person, it need not be negatived, but must be taken advantage of by the other party. 1 Ld. Raym. 119; 1 Term R. 141; 6 Term R. 559; 7 Term R. 27.

The district attorney, Mr. M'Ilvaine, for the United States, contended, that these objections were cured by the verdict, and cited 5 Com. Dig. 60, 61; 4 Burrows, 2020; 1 Strange, 212; 2 Ld. Raym. 1212. That the stating of the offence to be against law, is a sufficient averment to let in an intendment that every thing was proved necessary to warrant the verdict.

In answer to this last argument, it was contended by the counsel for the appellants, that this is merely an inference of law from which a fact cannot be intended, whereas inferences of facts must be from some facts stated. 1 Doug. 679.

WASHINGTON, Circuit Justice. The jury have found the facts stated in the libel to be true, but where is the offence? If the rum was taken out before the arrival of the Hunter, within four leagues of the coast, the act is not prohibited by law. The place where the offence was committed is an essential part of it; if committed in any other place it is perfectly innocent. A conviction for burglary might as well be sustained, without laying the offence to have been perpetrated in the night time, as here, without stating in the libel or information, the place where the offence was committed.

It is said that the verdict will cure the defect. But a verdict cannot convert an innocent act into a criminal one. The plaintiff is not bound to prove more than he lays in his declaration, and therefore we must presume the case stated in it to have been proved and no other. If a proper case be laid, but not with sufficient precision, and the defendant will not at a proper time take advantage of the defect; the court after verdict will presume that the want of precision, was supported at the time, by evidence, because as a proper ground for such evidence was laid it would have been proper; not so if no ground at all is laid. It has been properly observed at the bar, that if this defect can be cured by intendment, it will be difficult to imagine a case where a judgment can be arrested.

The decree of the district court reversed.

NOTE. In The Harmony [Case No. 6,081], Mr. Justice Story decided (May, 1812) that under the 50th section of the act of March 2, 1799, c. 128 [1 Story's Laws, 617; 1 Stat. 665, c. 22], if foreign goods exceeding 400 dolls. in value, are unladen without a permit, &c., the vessel from which they are unladen, is forfeited; although they were not actually brought in such

[1] [Reported by Richard Peters, Jr., Esq.]

vessel from a foreign port, but had been transhipped into her on the homeward voyage. The 27th and 28th sections of the law, the court were inclined to consider applicable to transhipment, within four leagues of the coast, or within some district of the United States, before the arrival of the vessel at a port of delivery.